McLELLAN (WEAVER v.). See Case No. 17,309.

McLELLAN (WINSOR v.). See Case No. 17,887.

---

## Case No. 8,896.

McLELLAND v. The ROBERT MORRIS.

[3 Pa. Law J. 493; 1 Wall. Jr. 33; 2 Pa. Law J. Rep. 220.]

Circuit Court, E. D. Pennsylvania. Nov. 12, 1842.

MARITIME LIENS—REPAIRS TO VESSEL—STATE AND FEDERAL COURTS.

The repair of a vessel used to navigate tidewater. although used partly on inland navigation, is a maritime contract, and the mechanics and material men may proceed in the courts of the state or of the United States, and they may take a reasonable time to commence their proceedings. And the jurisdiction of the admiralty court cannot be ousted by any proceeding in the state courts by the owners or agents of the vessel.

[Appeal from the district court of the United States for the Eastern district of Pennsylvania.]

The Robert Morris is a large canal boat, decked and rigged as a schooner, employed in carrying lime, &c., from Norristown, on the Schuylkill Canal, down the rivers Schuylkill and Delaware, to Salem, New Jersey, and occasionally through the Chesapeake and Delaware Canal into Maryland, returning with wood or such other cargo as could be procured. In February and March, 1842, she was repaired at the shipyard of the libellant, who retained possession of her until she was taken from his custody by the sheriff of the city and county of Philadelphia, under a replevin issued from the state courts. The libellant then filed a libel in the admiralty, and the vessel was attached for the amount of his demand. The claimant moved .to have the attachment quashed, for want of jurisdiction in the court. (1) Because neither the vessel nor the contract was of a maritime character. (2) Because by the replevin the state courts had possession of the subject-matter, and therefore exclusive jurisdiction.

After argument by H. Hubbel, for the claimant, and Vandyke for the libellant. a motion was dismissed by Randall, J., and the claimant ordered to answer over. After a final decree for the libellant. the cause was removed to the circuit court, where the following opinion was delivered by

BALDWIN, Circuit Justice: In the case of The General Smith, 4 Wheat. [17 U. S.] 443, the supreme court declared that by the common law "material men and mechanics furnishing repairs to a domestic ship have no particular lien on the ship itself for the recovery of their demands. A shipwright, indeed, who has taken a ship into his own possession to repair it, is not bound to part with the possession until he is paid for the repairs, any more than any other artificer. But if he has once parted with the possession, or has worked upon it without taking possession, he is not deemed a privileged creditor, having any claim upon the ship itself." "No lien is implied unless it is recognized by the municipal law of the state to which the ship belongs." In the case of Peroux v. Howard, 7 Pet. [32 U. S.] 341, it was held that a proceeding in rem against a steam-boat for materials found and work performed in repairing the vessel in the port of New Orleans, under a contract entered into between the parties for that purpose, that it was a maritime contract, and if the service was to be performed in a place within the jurisdiction of the admiralty, and a lien was given by the law of Louisiana, it would bring the case within the jurisdiction of the district court, and may be enforced in the admiralty. "The service was to be substantially performed, on the sea or on tide-water, because there is no doubt that the jurisdiction exists, although the commencement or termination of the voyage may happen to be at some place beyond the reach of the tide; the material consideration is whether the service is essentially a maritime service." The Jefferson, 10 Wheat.

[23 U. S.] 428. "A contract made at land within the body of a county is maritime in its nature, if it concerns the navigation of the sea." Zane v. The President [Case No. 18,201]. The true test (of the admiralty jurisdiction) in all cases of this sort is whether the vessel shall be engaged substantially in maritime navigation, or in interior navigation, and trade not on tide-waters. In the latter case there is no jurisdiction, nor where the services are not maritime, for its jurisdiction in matters of contract is limited to those, and those only, which are maritime. The Orleans v. Phoenix, 11 Pet. [36 U. S.] 183, 184. In that case the court thus explains the principles laid down in the case of The General Smith and Peroux v. Howard [supra]: "The contract was treated as a maritime contract, and the lien under the state laws was enforced in the admiralty, on the ground that the court under such circumstances had jurisdiction of the contract as maritime, and then the lien being attached to it might be enforced according to the mode of administering remedies in the admiralty. The local laws can never confer jurisdiction on the courts of the United States; they can only furnish rules to ascertain the rights of parties, and thus assist in the administration of proper remedies where the jurisdiction is vested by the laws of the United States." Id. 184.

Reluctant as I have been, and yet am, to extend the jurisdiction of the courts of admiralty beyond the limits defined by the common law, it would not comport with my duty to hesitate to follow the rules and be guided by the principles laid down in the preceding cases. They are the law of the case, and must be taken to be the law of this court, till changed or modified by the tribunal which has established and prescribed them for the observance of all inferior courts. The record and admitted facts in this case bring it within these decisions. The Robert Morris was employed in navigation on tide-water. That the commencement of her voyages was on one canal and their termination in another, both above tide-water, does not make her intermediate courses "interior navigation." The contract is maritime, for it was the navigation of tide-water which was substantially the service of the schooner. The repairs were made in this port, which is within admiralty jurisdiction. The state law gives a lien, and consequently the libellant has made out a case cognizable by the district court according to the course of the admiralty.

It is, however, contended by the counsel of the claimant, that the lien given by the state law was superseded by the replevin under which the schooner was taken from the possession of the libellant by the claimant, and retained by him at the time she was attached on the libel at a place above tide-water. Had the replevin been issued under any provision of the state law which gave the lien, it might have been considered as a qualification of the lien, and made it subject to be defeated by that process; but the law does not so qualify the lien, or in any way subject it to the forms or delay of proceedings according to the course of the law; above all not to the effects of an action of replevin, which is one of the most tedious cases, if not the most so, when conducted through all its stages, which is known to the law. On the contrary, the state law gives to the state court powers to enforce the lien according to the course of courts of admiralty, which would be utterly defeated if the possession of the vessel was to be taken under a writ of replevin while in the hands of those to whom the law gives a lien, and who have a right to enforce it by the process and course of proceedings appropriate to a court of admiralty, unless they had in some way lost their lien before the replevin was taken out. Having an acknowledged lien, the material men and mechanics have an election to proceed in the courts of the state or of the United States. They may take a reasonable time to commence their proceedings, and cannot be deprived of their remedy by any act of the owners or agents of the vessel, which affects to displace the jurisdiction of admiralty, and send those who have a right to its remedies into another tribunal, where they would lose, or could but partially enjoy the benefits which the maritime law permits privileged creditors in maritime courts. I very much doubt whether a court of the state would permit its jurisdiction, under the law of the state giving the lien in such a case as this, to be thus ousted; but certainly this court, in the administration of the jurisprudence of the United States, cannot sanction the doctrine contended for on the part of the respondents as to the effect of the replevin he has sued out; nor can we consider the consequent removal of the vessel to a place beyond the flow of the tide, as at all impairing the admiralty jurisdiction of the district court over her, resulting from the lien in a case completely covered by the decisions of the supreme court.

Decree of the district court affirmed, with costs, and interest from the date of the decree.